Christine Stickley, Esq. WSB#6-3533
Gordon Rees Scully Mansukhani, LLP
515 E. Ivinson, Suite 108
Laramie, WY 82070
T: (307) 365-6741
F: (307) 222-7825
cstickley@grsm
*Attorneys for Defendant TA Operating LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| **CHARLES G. LATTERNER,** )<br>)<br>**Plaintiff,** )<br>vs. )<br>)<br>**TA OPERATING LLC dba TA FT.** )<br>**BRIDGER TRAVEL CENTER, a foreign** )<br>**limited liability company,** )<br>)<br>)<br>**Defendant.** )<br>) | **Civil Case Number:** |

## NOTICE OF REMOVAL

Defendant TA Operating LLC ("TA Operating"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446 and Local Rule 81.1, hereby provides notice of removal of this action from the Third Judicial District Court of Uinta County, Wyoming to the United States District Court for the District of Wyoming. In support of this Notice of Removal, TA Operating states as follows:

### I.   THE STATE COURT ACTION

1.  On February 10, 2021, Plaintiff Charles G. Latterner ("Plaintiff") filed this civil lawsuit against TA Operating in the Third Judicial District Court of Uinta County, Wyoming, captioned *Charles G. Latterner v. TA Operating LLC dba TA Ft. Bridger Travel Center*, Case No. 21-27 (the "State Court Action"). A copy of the Original Complaint and summons filed by Plaintiff in the State Court Action is attached hereto as **Exhibit 1**.

2.	TA Operating was served with a copy of the Complaint in the State Court Action on February 17, 2021.  *Id.*

3.	As of the filing of this Notice of Removal, TA Operating has not responded or otherwise answered the Complaint in state court.

4.	In his Complaint, Plaintiff alleges that Defendant's negligence caused him to sustain serious injuries after slipping on a sheet of ice and falling onto Defendant's parking lot. **Ex. 1** at *Complaint*, ¶¶ 8-11.

5.	Plaintiff asserts that his "damages complained of exceed $50,000 exclusive of attorney's fees and costs." *Id.* at ¶ 4.

## II.	GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

6.	TA Operating is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446, because this action is a civil action involving an amount in controversy exceeding $75,000.00, between parties with complete diversity of citizenship.  28 U.S.C. § 1332(a) [district courts have original jurisdiction where the matter in controversy: (1) exceeds the sum of $75,000.00, exclusive of costs and interest; and (2) is between citizens of different states].

7.	Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8.	Removal is proper here because this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1). *See Therrien v. Target Corp.*, 617 F.3d 1242, 1247

(10th Cir. 2010) (removal to federal district court is warranted where "diversity jurisdiction" under 28 U.S.C. § 1332(a)(1) is present).

### III.     DIVERSITY OF CITIZENSHIP

9. This is an action between parties with complete diversity of citizenship.

10. Diversity of citizenship exists where the matter in controversy is between citizens of different states.  28 U.S.C. §1332(a).  An individual's citizenship is determined by his or her domicile, *i.e.* where he resides and intends to remain.  *Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir.1983). Plaintiff Charles Latterner is a citizen of the State of Utah. **Ex. 1** at *Complaint*, ¶ 1.

11. "Like every other circuit to consider this question, [the Tenth Circuit] concluded an LLC, as an unincorporated association, takes the citizenship of all its members."  *Siloam Springs Hotel, LLC v. Century Surety Company*, 781 F.3d 1233, 1234 (10th Cir. 2015).

12. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).  A corporation's principal place of business is determined by the "nerve center" test, i.e., "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

13. Defendant TA Operating is and was at the time the State Court Action commenced, a Delaware Limited Liability Company organized in the State of Delaware and is domiciled and has its principal place of business in the State of Ohio at 24601 Center Ridge Road in Westlake, Ohio.  The sole member of TA Operating LLC is TravelCenters of America Inc. TravelCenters of

America Inc. is incorporated in the State of Maryland with its "nerve center" located in the State of Ohio at 24601 Center Ridge Road in Westlake, Ohio.

14. No change in the citizenship of TA Operating or TravelCenters of America Inc. has occurred since commencement of the state court action. Thus, because Plaintiff and TA Operating are from different states, complete diversity of citizenship exists, and the first prong of 28 U.S.C. § 1332(a) is satisfied.

### IV.   AMOUNT IN CONTROVERSY

15. Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires, in addition to diversity of citizenship, an amount in controversy in excess of "$75,000, exclusive of interest and costs." The amount-in-controversy is "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

16. A defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). Evidence establishing the amount in controversy is required "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

17. While Plaintiff did not explicitly plead an amount-in-controversy in excess of $75,000.00, the allegations in his Complaint support such a claim.

18. Plaintiff asserts in his Complaint that he has "suffered serious injuries, including, but not limited to, a severe rotator cuff injury requiring multiple surgical corrections which resulted in permanent injuries and significant pain and suffering" and his damages *exceed* the state court jurisdictional amount of $50,000. **Ex. 1** at *Complaint*, ¶¶ 4, 11.

19. For his "serious injuries" Plaintiff seeks general damages in the form of "significant pain and suffering, permanent impairment and loss of enjoyment of life" and special damages in the form of past and future medical expenses. *Id.* at ¶¶ 17, 19, 29.

20. The notice of "multiple surgical corrections" is enough to plausibly allege that past medical expenses alone exceed the $75,000 threshold. That combined with allegations of permanent injuries and "significant pain and suffering" makes clear that the amount in controversy exceeds the $75,000 jurisdictional requirement. Thus, TA Operating has satisfied its burden by plausibly alleging in its notice that the jurisdictional threshold has been met.

21. Satisfaction of the diversity and the amount in controversy requirements renders removal of the State Court Action proper.

### III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

22. TA Operating was served with the Complaint on February 17, 2021. This Notice of Removal has been filed within thirty days of service. Thus, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

23. A copy of the Notice of Filing of Notice of Removal, attached hereto as **Exhibit 2**, will be timely filed with the Clerk of the District Court for Uinta County, Wyoming and served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

24. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by TA Operating in the State Court Action are attached hereto as **Exhibit 1**.

25. Venue is proper in this Court under 28 U.S.C. § 1446(a) because the United States District Court for the District of Wyoming is the district court of the United States for the district

and division within which the State Court Action is pending. *See* 28 U.S.C. § 131 ("Wyoming . . . constitute[s] one judicial district" and Uinta County is in Wyoming).

26. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a), 1332(d), and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## IV.  CONCLUSION

27. TA Operating respectfully requests that the State Court Action be removed to the United States District Court for the District of Wyoming.

28. By this Notice of Removal, TA Operating does not waive any objections or defenses it may have to this action, including, but not limited to, improper service of process, lack of personal jurisdiction, or improper venue.

29. TA Operating does not admit any of the allegations of Plaintiff's Complaint except as specifically admitted herein.

DATED this 5th day of March, 2021.

*s/ Christine Stickley*
Christine Stickley, WSB# 6-3533
Gordon Rees Scully Mansukhani, LLP
515 E. Ivinson, Suite 108
Laramie, Wyoming 82070
Phone: (307) 365-6742
Email: cstickley@grsm.com
***Attorney for Defendant***

-7-

## CERTIFICATE OF SERVICE

The foregoing **Notice of Removal** was electronically filed with the Court on this 5th day of March, 2021. Notice of this filing will be sent by operation of the Court's case management and electronic case filing system. A copy of the foregoing was also served by electronic mail to Plaintiff's Counsel:

>Mark W. Harris
>Harris Law Office, P.C.
>1044 Main Street, Ste. A.
>Evanston, WY 82930
>mark@hlfpc.com

>*s/ Christine Stickley*
>*Attorney for Defendant*

1211009/56651001v.2