STATE OF WYOMING )
)ss
COUNTY OF UINTA )

IN THE DISTRICT COURT

THIRD JUDICIAL DISTRICT

CHARLES G. LATTERNER, )
)
Plaintiff, )   Civil No. 21-27
)
vs. )
)
TA OPERATING, LLC dba TA FT, )
BRIDGER TRAVEL CENTER, a foreign )
limited liability company, )
Defendant. )

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:**   TA OPERATING, LLC
c/o Corporation Service Company
1821 Logan Avenue
Cheyenne, WY 82001

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk and serve upon the Plaintiff an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. (If service upon you is made outside the State of Wyoming, you are required to file and serve your answer to said Complaint within thirty (30) days after service of this Summons upon you, exclusive of the day of service). If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint.

DATED this ___10___ day of ___February___, 2021.

Kerri Wright,
Clerk of District Court
By: _____ORIGINAL SIGNED BY SHANDA FIFE_____
Deputy Clerk

_____
Mark W Harris, WSB No. 5-2090
HARRIS LAW OFFICE, P.C.
1044 Main Street, Suite A
P.O. Box 130
Evanston, WY 82931-0130
(307) 444-3210
(307) 444-4410 fax
mark@hlfpc.com
Attorney for Plaintiff

**EXHIBIT 1**

IN THE THIRD JUDICIAL DISTRICT COURT OF UINTA COUNTY

STATE OF WYOMING

| | |
|---|---|
| CHARLES G. LATTERNER,<br><br>Plaintiff,<br><br>v.<br><br>TA OPERATING LLC dba TA FT. BRIDGER TRAVEL CENTER, a foreign limited liability company,<br><br>Defendant. | Civil No. _21-27_<br><br>FILED IN THE DISTRICT COURT OF UINTA COUNTY, WYOMING<br><br>FEB 1 0 2021<br>ORIGINAL SIGNED BY<br>SHANDA FIFE   DEPUTY<br>KERRI WRIGHT<br>CLERK OF DISTRICT COURT |

COMPLAINT

Plaintiff, Charles G. Latterner, by and through his counsel of record, hereby contends, complains and alleges against the above-named Defendant as follows:

PARTIES

1.   Charles G. Latterner, Plaintiff, at all times relevant herein was an individual and resident of Coalville, Summit County, State of Utah.

2.   Defendant TA Operating LLC dba TA FT. Bridger Travel Center is an Ohio limited liability company doing business in Uinta County and the State of Wyoming.

JURISDICTION AND VENUE

3.   All acts and omissions bringing rise to this action occurred in Uinta County, State of Wyoming.

4.   Jurisdiction is proper in this Court as the damages complained of exceed $50,000 exclusive of attorney's fees and costs.

5.   Venue is proper in this Court pursuant to WYO. STAT. ANN. § 1-5-109 (1985) when the incident giving rise to this cause of action occurred in Uinta County, State of Wyoming.

## FACTUAL BACKGROUND

6.   Plaintiff realleges and incorporates paragraphs numbered 1 through 5 as though fully restated and set forth herein.

7.   On April 28, 2017, at approximately 6:30 a.m., Plaintiff arrived at the TA truck stop outside Fort Bridger, Wyoming, as a business invitee to get breakfast.

8.   Plaintiff parked his tractor trailer in the parking area designated for professional drivers and commercial trucks located on the east side of the TA Travel Center.

9.   Plaintiff exited his truck and was walking toward the entrance to the TA Travel Center under the "Welcome Professional Drivers" sign when he slipped on a sheet of ice and fell onto the asphalt landing on his right shoulder.

10.  The sheet of ice in the parking lot was created by Defendant's improper roof drainage design and system, which drained water directly onto the east sidewalk and onto the asphalt in the entrance and parking area designated for professional drivers, creating an unsafe, dangerous and unnatural icy condition on the common walkway to the TA Travel Center entrance.

11.  Plaintiff suffered serious injuries, including, but not limited to, a severe rotator cuff injury requiring multiple surgical corrections which resulted in permanent injuries and significant pain and suffering.

## FIRST CLAIM FOR RELIEF
### (Negligence)

12. Plaintiff re-alleges and incorporates all other paragraphs of this Complaint as though fully set forth herein.

13. Defendant owed Plaintiff, and all patrons and business invitees to its property, a duty to properly maintain the premises (including sidewalks, parking lots, walkways, or any other area on the premises that invitees may reasonably be expected to go) in a safe manner.

14. Defendant breached its duty and was negligent for, among other things:

   a. Creating and allowing a roof drainage design that drained water directly onto the sidewalk, parking area and common walkway, creating an unnatural, dangerous, icy condition.

   b. Violating and/or ignoring standards, codes and laws requiring business owners to provide walking surfaces and means of egress be maintained in safe, slip resistant conditions.

   c. Failing to address the dangerous, unnatural, icy condition by applying salt, sand, ice-melt or taking some other action to provide some slip resistance on the unnatural condition it created.

   d. Otherwise creating and allowing a hazardous, unnatural and unsafe accumulation of ice on the walkways.

   e. Otherwise violating its responsibility to maintain the premises in a safe condition for business invitees and visitors.

3

15. Defendant knew, or should have known of the hazard, as Defendant's negligence created it.

16. Defendant's negligence was the sole legal and proximate cause of this incident.

17. As a direct and proximate result of the negligence of Defendant, Plaintiff has suffered, and continues to suffer, significant injuries, significant pain and suffering, permanent impairment and loss of enjoyment of life, all to be included in Plaintiff's non-economic (general) damages, in an amount to be proven at trial.

18. As a further direct and proximate result of Defendant's negligence, Plaintiff has incurred medical expenses and is entitled to economic damages (special damages) in an amount to be proven at trial.

19. As a further and direct proximate result of Defendant's negligence, Plaintiff has incurred, and will continue to incur in the future, economic losses (special damages) including, but not limited to, medical expenses in amount to be proven at trial.

20. Plaintiff is entitled to pre-judgment interest on economic damages as allowed by Wyoming law.

<u>SECOND CLAIM FOR RELIEF</u>
(Premises Liability)

21. Plaintiffs reallege and incorporate paragraphs 1 through 20 above as though restated and fully set forth herein.

22. Defendant was the owner or possessor of the property where the Plaintiff was injured as a result of a dangerous condition on the property.

23. Defendant owed a duty to Plaintiff and other invitees, to maintain the premises in a safe condition.

24. Defendant breached its duty of care to Plaintiff, by, among other things, constructing a truck stop and with a defective roof draining design, and parking area, or allowing it to be built, such that a dangerous condition existed on the premises.

25. Defendant should have expected that truck drivers such as Plaintiff would encounter circumstances which made it difficult to observe the dangerous condition and protect himself against the dangerous condition existing on the premises, and Defendant should have exercised reasonable care to protect Plaintiff.

26. Defendant should have anticipated the harm it created, and Defendant had a duty to protect truck drivers such as Plaintiff from the dangerous condition on the property.

27. Defendant failed to warn or to take other reasonable steps to protect truck drivers and invitees such as Plaintiff regarding the dangerous condition Defendant created on the property which made it difficult to protect themselves.

28. Defendant had, or should have had, reason to believe that truck drivers and invitees, including Plaintiff, would proceed to encounter the dangerous condition because to a reasonable person in Plaintiff's position, the advantage of doing so would outweigh the apparent risk.

29. As a direct and proximate result of the careless, negligent and reckless conduct of the Defendant as stated above, Plaintiff suffered significant injuries. Plaintiff is entitled to recover economic and non-economic damages for these injuries.

30. As a direct and proximate result of the negligence of Defendant, Plaintiff has suffered, and continues to suffer, significant injuries, significant pain and suffering, permanent impairment and loss of enjoyment of life, all to be included in Plaintiff's non-economic (general) damages, in an amount to be proven at trial.

31. As a further direct and proximate result of Defendant's negligence, Plaintiff has incurred medical expenses and is entitled to economic damages (special damages) in an amount to be proven at trial.

32. As a further and direct proximate result of the negligence of Defendant, Plaintiff has incurred, and will continue to incur in the future, economic losses (special damages) including, but not limited to, medical expenses in amount to be proven at trial.

33. Plaintiff is entitled to pre-judgment interest on economic damages as allowed by Wyoming law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays pray for judgment against Defendant as follows:

1. For general damages in an amount to be proven at trial.

2. For past and future special damages in an amount to be proven at trial.

3. For Plaintiff's costs and expenses of litigation, as allowable by law.

4. For pre-judgment interest on economic damages, as allowable by law.

5. For post-judgment interest as allowed by law until the judgment is paid in full; and

6.  For such other relief the Court deems just, reasonable and proper.

DATED this _10_ day of February, 2021.

HARRIS LAW OFFICE, P.C.

_____
By: Mark W Harris, Bar No. 5-2090
    1044 Main Street, Ste. A
    P.O. Box 130
    Evanston, Wyoming 82930
    Telephone: (307) 444-3210
    Facsimile: (307) 444-4410
    E-mail: mark@hlfpc.com
    *Attorneys for Plaintiff*

7